May it please the court. My name is Ritu Parnadatta. I represent the defendant appellant Ronald Evans. Mr. Evans has been incarcerated for approximately nine years and he has about six years left to go on a sentence if this court upholds the imposition of the Armed Career Criminal Act penalty as the district court imposed. We challenge two of the predicate offenses on appeal. The first being North Carolina common-law burglary and the second being federal bank robbery. Starting first with North Carolina, if this offense qualifies for ACCA it does so under the enumerated offenses clause which expressly lists burglary as an enumerated offense. But the Supreme Court has made clear that only quote generic burglary falls within the ACCA predicate and it is defined generic burglary as only applying to burglaries of buildings or structures. And that would not include a mobile conveyance like a trailer home. That is a generic burglary. The Supreme Court has explicitly reaffirmed that holding that mobile conveyances simply do not as a category qualify as generic burglary. Now the Supreme Court is considering the generic definition of burglary this term and I believe you brought that to our attention. Yes your Honor. In two cases United States v. Stitt and United States v. Sims. Sixth Circuit. Stitt is a Sixth Circuit case. Sims is an Eighth Circuit case. And the question in those cases are whether mobile conveyances that are adapted for habitation purposes qualify as a building or structure under generic burglary. Both of the both the Sixth and the Eighth Circuit held that they do not. That the Supreme Court has made clear that as a category mobile conveyances simply do not qualify. But that decision is pending. Is that a reason for us to to await that decision? Is that what you're asking us to do? You certainly can your Honor. But I think the Supreme Court has been clear that mobile conveyances do not qualify as generic burglary. And for that reason alone I think this court can find that North Carolina offense does not qualify. Well they did take the case. So I mean there's a chance that they may very well decide that in this instance that it does. So be much better for us to wait than they have to redo everything. If if if we agreed that our opinion comes out different than their view wouldn't you think? Your Honor we have no problem with awaiting that decision. But we do anticipate we certainly hope that the Supreme Court will reaffirm its previous holdings on that issue. Now what your your argument about North Carolina law seems to boil down to the Taylor decision. Am I right about that? No your Honor. I think State versus Taylor is a key decision and that it clearly holds that a travel trailer can be burgled for but that's not the only decision. The North Carolina Supreme Court in State versus Douglas made clear that a mobile home could be the subject of the breaking and entering offense. And breaking and entering is a lesser included offense of common law burglary. So that reasoning equally applies to the burglary offense. And as a whole I believe the North Carolina courts have made clear that they look at their burglary offense in a functional manner. So if a mobile conveyance is used as a habitation they will find it to be within the purview of burglary. Which I believe is what the Supreme Court has made clear that as a category those conveyances simply cannot be included. Turning to federal bank robbery this is an uphill argument given this court's previous decisions as well as decisions from other circuits and I certainly recognize that. The point I would like to make though is that intimidation which this court has defined as the fear of bodily harm has been upheld in the bank robbery context. Courts have upheld convictions based on intimidation where there's no outward manifestation or communication of a threat. And in fact the definition of intimidation does not require a threat. And I believe that what's happening in those cases is that courts are looking at how whether the victim reasonably fears injury. But in all cases of any theft offense a victim may reasonably fear injury. And at a certain level of generalization the question becomes less whether it's a threat of force and whether it's simply the risk of force. And any theft offense can involve the risk of force. But that is not what ACCA penalizes. ACCA requires, the force clause at least, requires that there be a threat of force as an element of the offense. And looking at risk is what the residual clause did. And partly the reason or part of the reason that it was found to be unconstitutional was because it's impossible to judge just how much risk is required to bring it within that clause. And I think that that's what's happening in the bank robbery context as well. In one case I'd just like to point out, United States versus Slater, it's a Tenth Circuit case. In that case the court upheld a bank robbery conviction via intimidation where the defendant walked into a bank, walked behind a counter, started taking money, and told someone to shut up when they asked what he was doing. And in that case they're really, it's pretty, it's a far stretch to say that the defendant did something objectively to manifest a communication of a threat. And I believe the court in that case was really looking towards whether there was a risk that force could be applied. But the language is intimidation, by force violence or by intimidation. And intimidation, you can intimidate, would seem to me, without uttering a threat, but still intimidate that I'm going to use force if I'm resisted. And it's something the defendant has to do. It's not just the victim's apprehension. Am I wrong about that construction of the statute? Well, I believe the way this court has defined intimidation is by looking at the victim and what the victim reasonably fears. And I'd reference the Ninth Circuit case in United States versus Parnell in which the court construing Massachusetts armed robbery made clear that a threat needs to be something done by the But we would have to depart from a number of other circuits to rule in your favor on this one, right? I'm looking at 11th, 4th, 6th, and 8th. I certainly don't dispute that, Your Honor, but this is a 15-year penalty. It's a long time in someone's life. And I believe that if there's a reasonable construction that can avoid making this a predicate offense, then it's one that should be considered. Good morning, Your Honors. Monica Richards. I represent the United States of America on this appeal. With regard to the burglary conviction first, the North Carolina State Courts and the Fourth Circuit have made rulings with regard to the specific statute at issue here and found that it does qualify as an offense under the enumerated clause of ACCA. And in those cases, it was, in fact, construing North Carolina law directly, and North Carolina states considered the North Carolina state law independently. So as this court has seen before in other cases when we're not dealing with our own state statutes, Reyes, United States versus Reyes, is this court's precedent on that. The state courts have construed their own state laws in such a manner. This court is, while not necessarily hands drawn, hands tied together and bound by those, must give those great deference. And that's what we have here with regard to the state court cases. Well, we have this North Carolina court that applies the first-degree burglary statute to a mobile trailer in Taylor. And in terms of state court decisions, I didn't find a lot of case law to the contrary, specifically in the case where a trailer would fit within first- or second-degree burglary. You seem to be relying on principally these two federal cases. But the federal cases were construing state cases, and I can see the point that was made. Why would we rely on the Fourth Circuit when we have an intermediate appellate court from the state that tells us what the state law is? How is the Fourth Circuit a greater source of authority than a North Carolina state court? I don't mean to say that it is. If I did, I'm sorry. I didn't mean to say that. But the Fourth Circuit cases that I cite do discuss the state cases from that court. Right. But Taylor is the highest appellate court to have ruled on the matter, hasn't it? I would say yes. Your Honor sounds like you know for sure. But we have a case called DiBello, which says that where the intermediate that we tend to rely on that. I haven't looked to see if there's a certification process with North Carolina as to whether that would be a possible out for us. But in any event, the question that Judge Livingston asked of your opponent, we should most likely wait for Stitt and Sims, don't you think? Because the Supreme Court may decide that a building is a mobile home. There's some very compelling discussion. Thank you, Your Honor. There's some very compelling discussion in the petitions and the briefs that have been filed with regard to that case already. They're combined for argument and discussing the manner in which burglary, why burglary is an enumerated offense and discussing the fact that it's the inherent potential for harm to persons, that the invasion of the home is a violation of privacy. It's a loss to the most personal valued possessions and that it should apply equally to With regard to that, the government would not, I'm not going to object to this court holding off until that decision is made. It certainly would make, if they decide that a mobile home can be a building, it would make our work a little bit shorter, wouldn't it? It would. We'll be waiting for a while, but that's all right. I understand that the arguments do mid-October on that case? October 9, I think, is the date. Okay, thank you. Unless there's further questions on that, then I would proceed to the, okay. With regard to the federal crime then, I trust that this court is okay with deciding that case without looking to state court law and this court has, in fact, already made decision, filed decisions, issued decisions with regard to whether or not the federal bank robbery statute 2113A is a crime. Your Honor, I suggested that with regard to that matter, as I stated in the 28-day letter that I filed, I believe that that's established precedent for this court to consider and unless there's very good reason to undo those prior decisions, those decisions should remain and decide this case. Any further questions, then? Thank you. Just very briefly, Your Honors, with the point regarding the Fourth Circuit cases, the district court in this case relied on two in particular, United States v. Mack, the Fourth Circuit, and United States v. Harris, which was a district court of North Carolina, and neither of those cases, Your Honor, I believe are persuasive or should be persuasive to this court. Well, my, you know, my problem with all this is that we've gotten ourselves down a rabbit hole with regard to looking at all the various local applications of the statute and we get ourselves right into . . . we've had cases where we're hearing people are citing trial court interpretations and so many times the fact patterns are very specific and actually there's a great opinion by Judge Sutton out in the community that we're really doing this particularized view of the facts in understanding the generalized terms when we're not supposed to be doing that as to the crime that the defendant himself is convicted of and kind of taking us reverse ourselves. I think it's quite dangerous to kind of start looking at district court decisions. If you've got an intermediate appellate court on what state law is, federal courts are supposed to be looking to state courts for their explication of state law. We ought to do that and we shouldn't be second guessing what the state law is. A lot of times there's not a good fingerprint either though because the state courts haven't dealt with it, but here we have an intermediate appellate court that tells us that, right? Even more than that, Your Honor, I think you have a Supreme Court that tells you that in state versus Douglas, which . . . Well, whether I agree with you on that or not is another matter, but at least we have Taylor, right? There may also be a Supreme . . . a North Carolina Supreme Court case, Williams, where the first degree burglary statute is applied to a mobile home without discussion. At least in my research, that case came up. Well, that too, Your Honor. Thank you.